IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANDRA YELVINGTON,

    Plaintiff,

                                                  CASE NO.: 3:12-CV-10540-TJC-TEM

-vs-

SANTANDER CONSUMER USA, INC.,

    Defendant.
_____/

## AMENDED COMPLAINT

The Plaintiff, SANDRA YELVINGTON, by and through the undersigned counsel, sues the Defendant, SANTANDER CONSUMER USA, INC., and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C §§ 1331, 1367.

3. The alleged violations described in the Complaint occurred in Putnam County, Florida.

### FACTS COMMON TO ALL COUNTS

4. Plaintiff is a debtor and/or alleged debtor pursuant to Florida Statue 559.55(2) and at all times material hereto resided in Putnam County, Florida.

5. Plaintiff is a consumer as defined by 15 U.S.C. §1692(a)(3).

6. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

7. Defendant is a "debt collector" as defined in Florida Statute 559.55(6)

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692(a)(6).

9. Defendant consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged debt of a Ashley Yelvington, Plaintiff's step son who has not resided with the Plaintiff in over 20 years and with whom she is not in contact with (the subject "debt").

10. In an attempt to collect the subject debt from Plaintiff, Defendant intentionally harassed and abused the Plaintiff on numerous occasions by their agents and representatives calling Plaintiff from November, 2011 until approximately May, 2012 two to three times a day, asking for Ashley Yelvington, and doing so all with a willful intent to harass and/or abuse the Plaintiff.

11. Each time Plaintiff spoke to a representative of Defendant, she informed them that she did not know where Ashley was or how to contact him and demanded that her phone number (386-328-7313) be removed from Defendant's call list. Defendant's representative falsely stated to Plaintiff that the Plaintiff's telephone number will be taken out of their system, yet the calls continued until May, 2012.

12. Defendant has intentionally harassed and abused Plaintiff by their agents and representatives continuously calling Plaintiff's phone until the Plaintiff answered the call and each time informed the Defendant that she was not the person they were attempting to contact. Defendant did so with such frequency as can reasonably be expected to harass the Plaintiff and in a manner that can only be construed as repeated attempts to collect the subject debt from Plaintiff.

13. Defendant regularly uses the telephone in a business the principal purpose of which is the collection of debts.

14. Despite actual knowledge that the number they were calling was not the person they were attempting to collect a debt from, Defendant has continued to call Plaintiff numerous times from November, 2011 through April, 2012 with such frequency as can reasonably be expected to harass the Plaintiff. Defendant has, or should be in possession and/or control of call logs and/or account notes and/or auto-dialer call lists and software that detail the exact number of calls made to Plaintiff over the relevant time period.

15. Defendant's repeated attempts to collect the subject debt from Plaintiff, a person whom did not owe the subject debt, was an invasion of Plaintiff's privacy and her right to be left alone.

16. Defendant has a corporate policy to continue calling individuals despite those individuals informing Defendant that they are not the person they are attempting to collect from and despite those individuals requesting that the calls stop.

17. Defendant, at all times material, failed to maintain policies and procedures to prevent and/or to cease the calling of individuals for an illegitimate debt such as the subject debt, despite the fact that Defendant had actual knowledge that the debt was illegitimate as to the Plaintiff, and despite the fact that Plaintiff had advised Defendant to stop calling her over this illegitimate debt.

18. Due to the Defendant's constant calls to Plaintiff and Defendant's demands for payment for a debt Plaintiff did not owe and/or attempts to coerce Plaintiff into paying an illegitimate debt, Plaintiff suffered actual damages in the form of, emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life.

19. Plaintiff's actual and statutory damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

20. All conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violation of the FCCPA)

Plaintiff re-alleges paragraphs 1 through 20 above and further states:

21. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

22. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff.

23. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to harass or abuse the Plaintiff.

24. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages and attorneys' fees and costs as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

Plaintiff re-alleges paragraphs 1 through 20 above and further states:

25. At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

26. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural

4

consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the Plaintiff which she does not owe.

29. Defendant has violated 15 U.S.C. §1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

30. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual damages pursuant to 15 U.S.C. §1692(k)(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692(a)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k)(a)(3), from Defendant herein.

WHEREFORE, Plaintiff respectfully demands trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney's fees and any other relief the court may deem just and proper.

## COUNT III
### (Invasion of Privacy)

Plaintiff re-alleges paragraphs 1 through 20 above and further states:

31. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy.*

15 U.S.C. § 1692(a) (emphasis added).

32. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff by repeatedly and unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

33. Defendant and its agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiff's right to privacy.

34. Plaintiff had a reasonably expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

35. The conduct of the Defendant and its agents in engaging in the above-described illegal collection conduct against the plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

36. As a result of such intrusions and invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues to triable and judgment against Defendant for damages, costs, interest, and any other such relief the Court may deem just and proper.

Respectfully submitted,

/s/ *Michael J. Vitoria*

Michael J. Vitoria, Esquire<br>
Florida Bar #: 0135534<br>
Morgan & Morgan, Tampa, P.A.<br>
One Tampa City Center<br>
201 N. Franklin Street, 7th Floor<br>
Tampa, FL 33602<br>
Tele: (813) 223-5505<br>
Fax: (813) 223-5402<br>
mvitoria@ForThePeople.com<br>
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October __, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

R. Frank Springfield, Esq.
Fla. Bar. No. 0085573
Burr & Forman LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Tel: (407) 540-372-6600
Fax: (407) 540-6601
*Trial Counsel for Defendant*

/s/ Michael J. Vitoria<br>
Michael J. Vitoria, Esquire